UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY AND JAYLENE CAPPS, in their individual capacities and as Personal Representatives of the Estate of Christopher Capps, | ) ) ) ) ) | CIV. 12-5025 |
| Plaintiffs, | ) ) ) | **Defendants' Responsive Brief In Opposition To Plaintiffs' Motion To Strike Defendants' Motion For Summary Judgment (In Part)** |
| vs. | ) ) | |
| DAVID OLSON, in his individual capacity, and PENNINGTON COUNTY, a political subdivision of the State of South Dakota, | ) ) ) ) ) | |
| Defendants. | | |

Defendants moved for summary judgment. Docket 17. Plaintiffs moved to strike defendants' motion for summary judgment (in part). Docket 24. Plaintiffs' motion should be denied.

Plaintiffs' motion only appears to address defendants' attempt to dispose of Count 3 of the complaint—a *Monell* claim solely against defendant, Pennington County. *See* Docket 1. Plaintiffs argue that any attempt to seek summary judgment of the *Monell* claim "falls outside the scope of [the] court's scheduling order." Docket 24. But plaintiffs do not rely on the Court's scheduling order or its order granting an extension of the same. Rather, plaintiffs rely on the Court's Order for Limited Form 52 Report and Scheduling Information. Defendants argue that the scheduling order does not limit either

614745 / 01593.0212

party's ability to seek any motion contemplated by the Federal Rules of Civil Procedure, including motions pursuant to Rule 56.

Indeed, defendants understand that the various orders, read in concert with the Rules of Civil Procedure and the Local Rules advocate for dispositive resolution of as many claims as possible through the summary judgment process. In fact, the scheduling order specifically instructs counsel to "be mindful of the underlying purpose of the Federal Rules of Civil Procedure . . . 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" Docket 14.

While the Form 52 Order contemplates limited discovery, the scheduling order does not specifically limit use of Rule 56. Defendants submit that they retain use of Rule 56 to obtain summary judgment on as many issues as possible, doing so promotes "the just, speedy, and inexpensive determination of every action and proceeding." Defendants might not be entitled to summary judgment if they do not meet their burden. And plaintiffs' could resist summary judgment based on Rule 56(d). But defendants' motion and arguments should not be *stricken*. Put simply, the discovery already completed – although limited by intention – could theoretically be broad enough to dispose of additional issues through summary judgment. If the goal is to "secure the just, speedy, and inexpensive determination of every action," why should either party be precluded from presenting motions for summary judgment beyond the immunity issue if the developed record supports such a motion?

Plaintiffs seek to strike any attempt to resolve the *Monell* claim via summary judgment at this time. The County might be liable under *Monell* "if an injury is inflicted because of 'execution of a governmental policy or custom, ether made by its lawmakers or by those whose edicts or acts may fairly be said to represent the official policy. *Id.* (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). Simply put, "Under *Monell*, there must be an identified municipal policy or custom." *Schaub v. County of Olmsted*, 656 F.Supp.2d 990, 997 (D. Minn. 2009)(citing *Dick v. Watonwan County*, 738 F.2d 939, 943 (8th Cir 1984)). Here, Count 3 alleges that Pennington County "promulgated" and "had in effect" policies, customs, and procedures which deprived Christopher Capps of his constitutional rights. *See* [Docket 1](#). Deprivations of Capps's constitutional rights under § 1983 are the only injuries pled in Count 3. But plaintiff must do more than just identify an unconstitutional policy; the policy must also be proven to be the "moving force behind the constitutional violation." *Schaub v. County of Olmsted*, 656 F.Supp.2d 990, 997 (D. Minn. 2009) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). Despite the limited discovery, summary judgment could still be warranted.

### a. Summary judgment on count 3 might be justified based on the developed facts.

Defendants argue that it is possible that enough discovery has been completed to determine whether a policy or custom exists which could have resulted in the constitutional violations alleged in the complaint. If so, the

Court should be permitted to consider a summary judgment motion under Rule 56.

Voluminous discovery has been completed, including discovery related to the policies of defendant Pennington County, the defendant in the *Monell* claim. Defendants have provided in excess of 1,500 pages of documents through discovery. In fact plaintiffs have already relied on some these documents – including policies of the Sherriff's Department – while resisting summary judgment. *See* [Docket 30 at #17](). Additionally, plaintiffs have deposed:

- Defendant, Sherriff's Deputy [David Olson]().
- Pennington County Sherriff [Kevin Thom]().
- Chief Deputy Sherriff [Brian Mueller]().
- Sherriff's Department Investigator [Christopher Hislip]().
- Sherriff's Department Captain [Marty Graves]().
- Sherriff's Deputy [Rusty Schmidt]().
- Police Officer Sean Doyle.
- Police Officer [Darren Soucy]().
- DCI Supervisor [Pat West]().
- DCI Special Agent [Lyle Tolsma]().
- DCI Investigator [John Buszko]().
- DCI Special Agent [Jeff Gobel]().
- DCI Special Agent John Griswold.
- DCI Special Agent [Shannon Riter]().
- Witness [Earl Hernandez]().
- Witness Tammy Scribner.
- Eye-witness [Darrell Scribner]().
- Defendants' expert John Ryan.

Undeniably, a great deal of discovery has been completed. While discovery may have been limited to the immunity issue, it appears that it likely overlapped into issues concerning the Sherriff's Department and its polices as related to the *Monell* claim. If plaintiffs believe they are entitled to additional discovery before responding to defendants' timely-filed motion for summary judgment on

4

the *Monell* claim, their remedy is to file a declaration pursuant to Rule 56, not an order striking defendants' motion entirely.

> Rule 56(d) provides:
>
>> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>>
>>> (1) defer considering the motion or deny it;
>>>
>>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>>
>>> (3) issue any other appropriate order.

Rather than filing an affidavit or declaration, plaintiffs filed this motion to strike and submitted a footnote to their brief in opposition to summary judgment explaining that they were not going to address the *Monell* claim. Rule 56(e) states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
>> (1) give an opportunity to properly support or address the fact;
>>
>> (2) consider the fact undisputed for purposes of the motion;
>>
>> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>>
>> (4) issue any other appropriate order.

Defendants submit that – regardless of the Order for Limited Form 52 Report – plaintiffs should be required to submit an affidavit or declaration showing

5

specific reasons why they can not respond to the motion for summary judgment on the *Monell* claim. At that point, the Court will have a number of options as how to proceed with the pending motions for summary judgment. Defendants argue that if plaintiffs can not establish any reason – other that the Order for Limited Form 52 Report – why they can not oppose summary judgment on the *Monell* issue, then the issue is ripe. If they establish that a small amount of additional discovery is necessary, then they should be allowed to quickly obtain such discovery so that the *Monell* issue can be resolved with the pending motion for summary judgment regarding qualified immunity. If extensive additional discovery is necessary, then perhaps summary judgment on the *Monell* issue can wait. Regardless, *striking* the motion completely is unnecessary under the Rules of Civil Procedure.

### b. Summary judgment on count 3 might be justified based on a qualified immunity analysis.

However, even if qualified immunity is the only issue before the court at this stage of litigation, it is still possible that a summary judgment determination regarding defendant Olson's qualified immunity could dispose of the *Monell* claim in Count 3 as well.

There is no dispute that the question of whether Olson is entitled to qualified immunity is properly before the Court. "The test for whether an officer is entitled to qualified immunity depends on: (1) **whether the facts alleged by the plaintiff make out a violation of a constitutional right**, and (2) whether that right was clearly established at the time of the defendant's alleged

6

misconduct." *Molina-Gnomes v. Welinski*, F.3d 1149, 1152 (8th Cir. 2012)(emphasis added). So in order to resolve Olson's qualified immunity issue, **the Court must first determine** if plaintiffs have met their burden to show that Olson violated Capps's constitutional rights. While the loss of life visits great sorrow and sadness upon all involved, "The use of deadly force is not unconstitutional if the officer had 'probable cause to believe that the suspect pose[d] a threat of serious physical harm, either to the officer or others'" *Id.* (quoting *Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009)). At summary judgment, the facts must be viewed in the light most favorable to the plaintiff. But in the context of the motion to strike, defendants submit that the mere possibility that the use of deadly force could be constitution is adequate to establish that the Court – once the summary judgment record on qualified immunity is complete – could find that Olson is entitled to summary judgment under the first prong of the qualified immunity inquiry.

Defendants will address this question in-depth when replying to plaintiffs' response to their summary judgment motion, but for purposes of the motion to strike, assume that it is possible for the Court to conclude – under the first prong of the qualified immunity framework – that Olson did not violate Capps's constitutional rights. This would necessarily precede a determination of whether the right was clearly established. But remember, in order to prevail on a *Monell* claim, the plaintiffs must prove that an unconstitutional policy or custom of Pennington County was the "**driving force**" behind the officer's constitutional deprivation. If defendants' motion for summary judgment on the

issue of qualified immunity results in a determination that Olson did not deprive Capps of a constitutional right in the first place, then obviously no policy of Pennington County could have been the driving force behind anything—let alone a non-existent constitutional violation. You can not have a *Monell* claim without an underlying constitutional violation. So if Olson – the only County actor named in the suit – is found not to have committed a constructional violation—the only allegation in Count 3, then there can not be a cognizable *Monell* claim. Thus if Counts 1 and 2 against Olson were afforded summary judgment, then Count 3 would also have to be dismissed via summary judgment. Such a determination could be made solely through the qualified immunity framework.

In fact no additional discovery would be needed under this scenario. The existence of a policy or custom—even an unconstitutional one—would be immaterial because even a policy of that type could not be the "driving force" behind a constitutional violation if Olson did not commit a constitutional violation. Moreover, in *Littrell v. Franklin*, 388 F.3d 578, 584-585 (8th Cir. 2004), the court held that the law of the Eighth Circuit is clear that the issue of qualified immunity is a question of law for the court rather than the jury to decide. *Peterson v. City of Plymouth*, 60 F.3d 469 (8th Cir. 1995). Thus, questions of material fact would be irrelevant.

Dated: July 5, 2013.

        GUNDERSON, PALMER, NELSON
        & ASHMORE, LLP

        By /s/ Jeffrey R. Connolly
           Jeffrey R. Connolly
           James S. Nelson
           Rebecca L. Mann
           Attorneys for Defendants
           P.O. Box 8045
           Rapid City, SD  57709-8045
           (605) 342-1078
           jconnolly@gpnalaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on July 5, 2013, a true and correct copy a Defendants' Responsive Brief In Opposition To Plaintiffs' Motion To Strike Defendants' Motion For Summary Judgment (In Part) was served electronically through the CM/ECF system upon the following individuals:

    Sarah Baron Houy
    Michael M. Hickey
    Terry L. Hofer
    Eric J. Pickar
    Bangs, McCullen, Butler, Foye & Simmons, LLP
    P.O. Box 2670
    Rapid City, SD  57709-2670

        GUNDERSON, PALMER, NELSON
        & ASHMORE, LLP

        By /s/ Jeffrey R. Connolly
           Jeffrey R. Connolly